IN FEDERAL DISTRICT COURT FOR THE

WESTERN DISTRICT OF WASHINGTON - SEATTLE

| | |
|---|---|
| FORTUNA GEBRU FKADU an individual,<br><br>        Plaintiff,<br><br>        vs.<br><br>KIDANE TESFAY, an individual,<br><br>        Defendant. | No. 2:21-cv-318<br><br>**COMPLAINT** |

COMES NOW Plaintiff FORTUNA GEBRU FKADU by and through counsel and alleges the following.

## I. INTRODUCTION

1. This is a lawsuit for financial support under the United States Citizenship and Immigration Services ("USCIS") Form I-864, Affidavit of Support ("Affidavit of Support").

2. The Affidavit of Support was created by Congress in 1996 to ensure that family-sponsored immigrants are ensured a basic level of financial wellbeing, sufficient to meet the most basic needs of life.

3. In mandating the Affidavit of Support, Congress required visa petitioners, rather than the American people, serve as a financial safety net to new immigrants.

4. Once executed, the Affidavit of Support is a legally binding contract between a sponsor and the United States government, of which the intending immigrant is a third-party beneficiary.

5. Fortuna Fkadu is a beneficiary of an Affidavit of Support signed by Kidane Tesfay, her former husband.

6. Mr. Tesfay has failed to provide Ms. Fkadu with the basic level of income support promised in the Affidavit of Support. This lawsuit seeks to compel Mr. Tesfay to fulfill the support duty mandated by the Affidavit of Support and associated federal law.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the federal Immigration and Nationality Act per 8 U.S.C. § 1183a(e)(I).

8. This Court has personal jurisdiction because, on information and belief, Mr. Tesfay resides in this District.

9. Additionally, this Court has personal jurisdiction over Mr. Tesfay as, by signing the Affidavit of Support, Mr. Tesfay submitted to the jurisdiction of any court with subject matter jurisdiction over Ms. Fkadu's claims. 8 U.S.C. § 1183a(a)(1)(C).

10. Venue is proper in this District as a substantial part of the events or omissions giving rise to Ms. Fkadu's claims occurred in this District. 28 U.S.C. § 1391(b)(2).

## IV. PLAINTIFF

9. Ms. Fkadu is a citizen of the United Kingdom.

10. Ms. Fkadu resides in Seattle, Washington.

## V. DEFENDANT

11. Mr. Tesfay is a citizen of the United States of America.

12. As further alleged below, Mr. Tesfay served as Ms. Fkadu's immigration sponsor by executing an Affidavit of Support, thereby contractually promising to provide a specified level of income to Ms. Fkadu.

13. On information and belief, Mr. Tesfay resides in Renton, Washington.

## VI. FACTUAL ALLEGATIONS

**Background concerning the Affidavit of Support.**

14. Since 1882 federal law has excluded the immigration of individuals considered "likely to become a public charge." Act of Aug. 3, 1882, 22 Stat. 214.

15. The current immigration statute, in effect at all times material to the facts alleged herein, forbids the entry of immigrants determined likely to become a "public charge." 8 U.S.C. § 1182(a)(4).

16. The Affidavit of Support is required for a family-based immigrant visa applicant to overcome public charge inadmissibility. 8 U.S.C. § 1182(a)(4)(C).

17. The only family-based immigrants who are exempt from submitting an Affidavit of Support are those classes listed at 8 C.F.R. § 213a.2(a)(2)(ii), to wit: (A) self-petitioners under the Violence Against Women Act; (B) grandfathered immigrants with petitions pending prior to December 19, 1997; (C) those who have worked and/or may be credited with 40 qualifying quarters of coverage as defined under title II of the Social Security Act; (D) a child admitted under 8

U.S.C. § 1181(a) and 8 C.F.R. § 211.1(b)(1); and (E) a child who will automatically acquire citizenship under 8 U.S.C. § 1431.

18. Prior to October 15, 2019, intending immigrants who qualified for an exemption under 8 C.F.R. § 213a.2(a)(2)(ii) were required to submit a Form I-864W, Request for Exemption for Intending Immigrant's Affidavit of Support.

19. After October 15, 2019, the exemptions under 8 C.F.R. § 213a.2(a)(2)(ii) continue to apply, but USCIS no longer requires the Form I-864W and collects related information through other, updated forms.

20. Creation of the Affidavit of Support was mandated by Congress to ensure that certain classes of immigrants to the United States would be guaranteed a level of financial support necessary to meet basic human needs. *Cf. Liu v. Mund*, 686 F.3d 418 (7th Cir. 2012), *as amended* (July 27, 2012).

21. The Affidavit of Support has been mandatory in all U.S. marriage-based immigrant visa and adjustment of status cases at all times material to the case at bar.

22. The Affidavit of Support is a legally binding contract between the sponsor and the United States Government. 8 U.S.C. § 1182(a)(1)(B).

23. By signing the Affidavit of Support, the sponsor agrees to provide the intending immigrant with any support necessary to maintain her at an income that is at least 125 percent of the Federal Poverty Guidelines ("FPG" or "poverty line") for her household size. 8 U.S.C. § 1182(a)(1)(A).

24. The FPG are published annually in the Federal Register, which published numbers govern the damage claims asserted herein.

25. In any given year for which a sponsored immigrant is entitled to support under the Affidavit of Support, she is entitled to support based the FPG in effect for that year as to U.S. state of residency.

26. The Affidavit of Support obligation may be enforced by the immigrant beneficiary, who is a third-party beneficiary thereof. 8 U.S.C. § 1182(a)(1)(B); 8 C.F.R. § 213a.2(d).

27. Under federal regulations, a sponsored immigrant is not required to make any demand for payment from a sponsor prior to commencing a lawsuit to enforce the sponsorship obligation under the Affidavit of Support. 8 C.F.R. § 213a.4(a)(2).

28. By signing the Affidavit of Support, the sponsor agrees to submit to the personal jurisdiction of any federal or state court that has subject matter jurisdiction over a lawsuit against the sponsor to enforce obligations under the Affidavit of Support. 8 U.S.C. § 1183a(a)(1)(C).

29. By signing the Affidavit of Support, the sponsor certifies under penalty of perjury that the sponsor has read and understands each part of the obligations described in the Affidavit of Support and agrees freely and without any mental reservation or purpose of evasion to accept ach of those obligations in order to make it possible for the immigrant(s) listed in the Affidavit of Support to become lawful permanent residents of the United States.

30. The Affidavit of Support sponsor also agrees to notify the Government of any change in the sponsor's address within 30 days of the change by filing a Form I-865. *See* 8 U.S.C. § 1183a(d).

31. A sponsor's duties under the Affidavit of Support commence when the sponsored immigrant becomes a Resident based on the Affidavit of Support.

32. An Affidavit of Support sponsor must continue to perform under the contract until the occurrence of one of five events (collectively "the Terminating Events") set forth in the contract.

33. The sponsor's obligation under the Affidavit of Support conclude once the sponsored immigrant becomes a U.S. citizen (the "First Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(A).

34. The sponsor's obligation under the Affidavit of Support concludes once the sponsored immigrant has worked or can receive credit for 40 quarters of work under the Social Security Act (the "Second Terminating Event"). 8 U.S.C. § 1183a(a)(3)(A); 8 C.F.R. § 213a.2(e)(2)(i)(B).

35. For purpose of the Second Terminating Event, a sponsored immigrant's quarters of work are as shown on her current U.S. Social Security Administration Social Security Earnings Statement.

36. The sponsor's obligation under the Affidavit of Support concludes once the sponsored immigrant is no longer a permanent resident and has departed the U.S. (the "Third Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(C).

37. The sponsor's obligation under the Affidavit of Support concludes once the sponsored immigrant is subject to an order of removal but applies for and obtains in removal proceedings a new grant of adjustment of status based on a new affidavit of support, if required (the "Forth Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(D).

38. The sponsor's obligation under the Affidavit of Support concludes once the sponsored immigrant dies (the "Fifth Terminating Event"). 8 C.F.R. § 213a.2(e)(2)(i)(E).

39. In order to serve as a sole Affidavit of Support sponsor, an individual must demonstrate income at our above 125% of the poverty line for the individual's household size. 8 U.S.C. § 1183a(f)(1)(E).

40. If the income of the visa petitioner is below 125% of the poverty line, the individual may demonstrate that he or she owns assets equal to at least five times the income shortfall (or three times in the case of marriage-based case).

1  Such assets must be convertible to U.S. cash within 12 months. 8 U.S.C. §
2  1183a(f)(6)(A)(ii).
3  41.     An immigration petitioner who lacks income and assets sufficient to
4  serve as a sole Affidavit of Support sponsor may obtain the assistance of an
5  additional individual who agrees to serve as a "joint sponsor" by executing and
6  filing an additional Affidavit of Support. 8 U.S.C. § 1183a(f)(5)(A).
7  42.     An Affidavit of Support is considered executed once it is signed and
8  submitted to either USCIS or the Department of State in support of an intending
9  immigrant's application. 8 C.F.R. § 213a.2(a)(B)(ii).
10 43.     Once executed, the Affidavit of Support becomes a binding contract
11 between the sponsor and the United States government for the benefit of the
12 sponsored immigrant. 8 C.F.R. § 213a.2(d).
13 44.     A sponsor's support obligation under the Affidavit of Support commences
14 when an intending immigrant obtains Resident status on the basis of an
15 application that included the sponsor's Affidavit of Support. 8 C.F.R. §
16 213a.2(e)(1).

**Ms. Fkadu's immigration to the United States.**

19 45.     Mr. Tesfay is a citizen of the United States of America.
20 46.     Ms. Fkadu is a citizen of the United Kingdom.
21 47.     Ms. Fkadu and Mr. Tesfay were married on April 26, 2018.
22 48.     Mr. Tesfay thereafter commenced the process of petitioning for Ms.
23 Fkadu's acquisition of Resident status.
24 49.     On information and belief, Mr. Tesfay signed and caused to be filed with
25 USCIS a Form I-130, Petition for Alien Relative (the "Visa Petition").
26 50.     On information and belief, the Visa Petition listed Ms. Fkadu as the
27 intending immigrant beneficiary of the petition.

51. By filing the Visa Petition, Mr. Tesfay had initiated the process of securing United States immigration status for Ms. Fkadu.

52. Mr. Tesfay's purpose in filing the Visa Petition was to ultimately secure Resident status for Ms. Fkadu.

53. Ms. Fkadu filed a Form I-485, Application to Register Permanent Residence of Adjustment Status (the "Residency Application") with USCIS.

54. On information and belief, under the "Application Type or Filing Category," Ms. Fkadu indicated that the Residency Application was a family-based type as an immediate relative of a U.S. Citizen.

55. Ms. Fkadu's Residency Application was based on Defendant's Visa Petition as but for Mr. Tesfay's petition, Ms. Fkadu would not have qualified to file the Residency Application based on the class of admission listed therein.

56. Ms. Fkadu qualified for none of Affidavit of Support exemptions specified at 8 C.F.R. § 213a.2(a)(2)(ii).

57. On information and belief, Mr. Tesfay signed an Affidavit of Support, listing Ms. Fkadu as the intending immigrant beneficiary.

58. On information and belief, Mr. Tesfay caused the Affidavit of Support to be filed with USCIS in support of Ms. Fkadu's Residency Application.

59. Once Mr. Tesfay's Affidavit of Support was filed with USCIS it was executed. 8 C.F.R. § 213a.2(a)(B)(ii).

60. On information and belief, in support of the Affidavit of Support, Mr. Tesfay filed proof of income in the form of documentation of federal income tax filings with the Internal Revenue Service.

61. USCIS approved Mr. Tesfay's Visa Petition.

62. USCIS approved Ms. Fkadu's Residency Application.

63. Ms. Fkadu was granted status as a conditional lawful permanent resident on April 3, 2018.

64. USCIS issued Ms. Fkadu a Form I-551 residency card as a category CR6 immigrant, to wit, one who had adjusted status to conditional lawful permanent resident on the basis of a petition filed by a U.S. citizen spouse. *See* Exhibit 1.

**Mr. Tesfay's breach of contract.**

65. Mr. Tesfay's duties under the Affidavit of Support commenced on April 3, 2018.

66. Ms. Fkadu's Resident status was based on Affidavit of Support signed by Mr. Tesfay.

67. Ms. Fkadu's Resident status was based on the Affidavit of Support because but for the fact that Mr. Tesfay submitted that Form, the Government would not have granted CR6 conditional resident status to Ms. Fkadu.

68. Because Mr. Tesfay's Affidavit of Support was executed it is an enforceable contract. 8 C.F.R. § 213a.2(d).

69. With respect to Defendant's sponsorship obligation, Ms. Fkadu's "income" means Ms. Fkadu's total income (or adjusted gross income for any years Ms. Fkadu filed an IRS Form 1040EZ) for purposes of her U.S. Federal income tax liability. 8 C.F.R. § 213a.1. This includes liability on a joint income tax return. *Id.*

70. In the year 2020, Ms. Fkadu's income was $4,692, as shown by her Social Security Administration Earnings Record, subjoined as Exhibit 2.

71. Ms. Fkadu's Social Security Administration Earnings Record, Exhibit 2, reflects her taxable "income" for that year as defined by 8 C.F.R. § 213a.1.

72. Ms. Fkadu had a household size of one for the year 2020.

73. 125% of the poverty guidelines for a household of one in 2020 was $15,950.

74. Mr. Tesfay has failed to provide Ms. Fkadu with income for the year 2020 that would have brought her income up to 125% of the federal poverty guideline.

**Facts concerning Terminating Events.**

75. No event has occurred that would constitute a Terminating Event under the Affidavit of Support.

76. The parties were divorced on December 10, 2019.

77. Divorce is not a Terminating Event for Mr. Tesfay's obligations under the Affidavit of Support.

78. First Terminating Event has not occurred because Ms. Fkadu has not become a U.S. citizen.

79. The Second Terminating Event has not occurred because Ms. Fkadu has neither worked nor can receive credit for 40 quarters of work under the Social Security Act.

80. The Third Terminating Event has not occurred because Ms. Fkadu has not both lost status as a permanent resident and departed from the U.S.

81. The Forth Terminating Event has not occurred because Ms. Fkadu is not both subject to an order of removal and has also applied for and obtained in removal proceedings a new grant of adjustment of status based on a new affidavit of support (if required).

82. The Fifth Terminating Event has not occurred because Ms. Fkadu is alive.

83. Mr. Tesfay's duties under the Affidavit of Support remain in effect.

## VII. CLAIMS FOR RELIEF

**1 – Breach of contract.**

84. Plaintiff realleges and incorporates all paragraphs above as though fully stated herein.

85. By signing the Affidavit of Support and causing it to be filed in support of Ms. Fkadu's residency application, Mr. Tesfay executed an Affidavit of Support.

86. Once executed, the Affidavit of Support became a binding contract between Mr. Tesfay and the United States Government.

87. Ms. Fkadu is a third-party beneficiary of the Affidavit of Support.

88. Ms. Fkadu has standing as third-party to enforce the financial support rights under the Affidavit of Support.

89. Under the express terms of the Affidavit of Support, Mr. Tesfay agreed to provide Ms. Fkadu with any support necessary to maintain Ms. Fkadu's income at a level that is at least 125 percent of the Federal Poverty Guidelines for Ms. Fkadu's household size.

90. Mr. Tesfay's responsibility to provide income support commenced on April 3, 2018 when Ms. Fkadu became a Resident of the United States.

91. All conditions precedent to Mr. Tesfay's duty to perform on the Affidavit of Support were fulfilled as of April 3, 2018.

92. Mr. Tesfay has breached the Affidavit of Support by failing to provide income support to Ms. Fkadu.

93. As a result of Mr. Tesfay's breach, Ms. Fkadu has suffered damages in an amount to be determined at trial.

## VIII. REQUEST FOR RELIEF

Plaintiff requests the following relief from the Court:

A. Entry of judgment against Mr. Tesfay and in favor of Ms. Fkadu each and every cause of action asserted herein;

B. An award of actual damages for the year 2020 in the amount of $11,258;

C. An award of actual damages in an amount equivalent to 125% of the Federal Poverty Guideline for a household size of one for the period from January 1, 2021 to the date on which judgment issues, less any income earned by My. Fkadu during that period;

D. A declaration that Ms. Fkadu is entitled to continued receipt of financial support from Mr. Tesfay in the amount of 125% the Federal Poverty Guidelines for Ms. Fkadu's household size, less actual income, until the occurrence of one of the Terminating Events.

E. An order of specific performance, requiring Mr. Tesfay to make monthly payments to Ms. Fkadu for the amount set forth in Paragraph D above, until such time as a Terminating Event occurs, and that such payments shall be completed no later than the fifth calendar day of each month to the client trust account of Ms. Fkadu's undersigned attorney;

F. An award of all Ms. Fkadu's attorney fees;

G. An award of all Ms. Fkadu's costs;

H. The right to amend this complaint to conform to the evidence presented at trial; and

I. Such other and further relief in Ms. Fkadu's favor as the Court may deem just and equitable under the circumstances.

[The remainder of this page is intentionally left blank]

DATED: March 9, 2021,

By: /s/ Greg McLawsen
Greg McLawsen, WSBA #41870

Sound Immigration
Mailroom:
113 Cherry St
ECM# 45921
Seattle, WA 98104-2205

Physical office:
14205 SE 36th Street, Suite 100
Bellevue, WA 98006

Tel. (855) 809-5115
greg@soundimmigration.com

*Attorney for Plaintiff Fortuna G. Fkadu*