UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FORTUNA GEBRU FKADU,<br><br>                  Plaintiff,<br>     v.<br><br>KIDANE TESFAY,<br><br>                  Defendant. | CASE NO. C21-0318JLR<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS |

## I. INTRODUCTION

Before the court is Plaintiff Fortuna Gebru Fkadu's motion for judgment on the pleadings. (Mot. (Dkt. # 11); Reply (Dkt. # 15).) *Pro se* Defendant Kidane Tesfay opposes the motion.[1] (Resp.) The court has reviewed the motion, the submissions in

---

[1] The court previously encouraged Mr. Tesfay to obtain counsel. (*See* 4/8/21 Order (Dkt. # 6).) Mr. Tesfay maintains that he has been unable to do so and is not proceeding *pro se* by choice. (Resp. (Dkt. # 14) at 2.)

ORDER - 1

favor of and in opposition of the motion, the relevant portions of the record, and the applicable law. Being fully advised,[2] the court DENIES the motion.

## II. BACKGROUND

This case stems from Mr. Tesfay's alleged failure to provide income support promised to Ms. Fkadu under a United States Citizenship and Immigration Services Form I-864, Affidavit of Support ("I-864 Affidavit"). (*See* Compl. (Dkt. # 1).) An I-864 Affidavit represents a binding agreement between the affiant and the United States for the benefit of the sponsored immigrant. *Erler v. Erler*, 824 F.3d 1173, 1175 (9th Cir. 2016) (citing 8 U.S.C. § 1183a(a)(1); 8 C.F.R. § 213a.2(d)). By signing the Affidavit, a sponsor agrees to provide the sponsored immigrant with "any support necessary to maintain her at an income that is at least 125 percent of the Federal Poverty Guidelines for her household size." (Compl. ¶ 23 (citing 8 U.S.C. § 1183a(a)(1)(A))); *Erler*, 824 F.3d at 1175. An I-864 Affidavit generally remains enforceable until the sponsored immigrant: "(1) becomes a citizen of the United States; (2) has worked or can be credited with 40 qualifying quarters of work under title II of the Social Security Act; (3) ceases to be a lawful permanent resident and departs the United States; (4) obtains in a removal proceeding a grant of adjustment of status as relief from removal; or (5) dies." *Erler*, 824 F.3d at 1176 (citing 8 C.F.R. § 213a.2(e)(2)(i); 8 U.S.C. § 1183a(a)(2)-(3)).

---

[2] Neither party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court finds that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

Ms. Fkadu filed her complaint on March 9, 2021. (*See* Compl.) She alleges that Mr. Tesfay served as her immigration sponsor by executing an I-864 Affidavit during her residency application to the United States and that his duties under the I-864 Affidavit commenced on April 3, 2018. (Compl. ¶¶ 9, 12, 65.) She further alleges that her income for 2020 was $4,692, below the $15,950 amount that represents 125% of the federal poverty guideline for a household of one individual. (*Id*. ¶¶ 70-73.) Ms. Fkadu submits her Social Security Administration earnings record to support her alleged income. (*Id.* ¶ 71, Ex. 2.) She alleges that Mr. Tesfay has failed to provide her with support to raise her income to 125% of the federal poverty guideline and that no event has occurred that would terminate his obligations to her under the I-864 Affidavit. (*Id*. ¶¶ 74-83.)

On May 17, 2021, Mr. Tesfay filed his answer to Ms. Fkadu's complaint.[3] (Ans. (Dkt. # 7).) Mr. Tesfay's answer largely consists of general allegations that Ms. Fkadu is untrustworthy and has a long history of misrepresenting herself. (*See generally* Ans.) More relevant to these proceedings, he also alleges that she has failed to provide sufficient evidence to support her claims (*id*. at 2), that she entered into a fraudulent marriage with him for the purposes of obtaining a green card (*id.* at 3), that she is not lawfully or physically in the United States (*id.*), and that her reported income may be

---

[3] Mr. Tesfay styled his filing a "response to the civil action," and it does not comport with the proper form of a pleading. *See* Fed. R. Civ. P. 10(b); (Ans.). However, the court construes the filings of *pro se* parties liberally, and interprets Mr. Tesfay's filing as an answer to the complaint. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Nevertheless, the court notes that while it may afford some leeway to *pro se* litigants, Mr. Tesfay is responsible for complying with case deadlines, the Federal Rules of Civil Procedure, and the Western District of Washington's Local Civil Rules. Materials to assist *pro se* litigants, including a copy of the Local Civil Rules, are available on the United States District Court for the Western District of Washington's website.

lower than her actual income because she is self-employed "driving for Uber or Doordash" and she may be working "under the table" with the goal of misrepresenting her income (*id.* at 4).

On May 26, 2021, Ms. Fkadu filed the instant motion for judgment on the pleadings, arguing that she is entitled to judgment in her favor. (Mot.) The court now addresses her motion.

### III. ANALYSIS

"Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990). The standard applied on a motion for judgment on the pleadings under Rule 12(c) is essentially the same as that applied on a Rule 12(b)(6) motion for failure to state a claim: "the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false." *Id*. In evaluating a Rule 12(c) motion, the court "is not required to accept as true legal conclusions or formulaic recitations of the elements of a cause of action unsupported by alleged facts." *QOTD Film Inv., Ltd. v. Wilson*, No. C16-0371RSL, 2017 WL 841669, at *1 (W.D. Wash. Mar. 3, 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Ms. Fkadu argues that her complaint adequately sets forth the factual allegations establishing a breach of contract claim based on Mr. Fkadu's failure to pay support. (Mot. at 12-14.) However, as the moving party, it is not her pleading, but Mr. Tesfay's,

which receives the benefit of the doubt at this stage in the proceedings. *See Hal Roach Studios*, 896 F.2d at 1550. Applying this standard, the court concludes that Ms. Fkadu is not entitled to judgment on the pleadings.

Ms. Fkadu makes much of Mr. Tesfay's answer's failure to formally deny or plead lack of knowledge to the allegations in the complaint. (*See* Mot. at 4.) But while Mr. Tesfay's answer is admittedly less clearly organized than Ms. Fkadu's complaint, the court interprets his filing liberally. *See Balistreri*, 901 F.2d at 699. Accordingly, the court looks to the factual substance contained in Mr. Tesfay's answer and interprets Mr. Tesfay's answer as denying multiple allegations included in the complaint. Specifically, he appears to deny that Ms. Fkadu is lawfully and physically present in the United States. (Ans. at 3.) He also, through alleging that Ms. Fkadu has failed to provide sufficient support for income and asserting that she may be making money "under the table," appears to deny that her income for 2020 was below the statutory threshold of $15,950. (*Id.* at 2, 4.; *see also* Resp. at 2 ("There is no way the [P]laintiff['s] income [for 2020] can go below 125% of the poverty line.").) Ms. Fkadu admits that Mr. Tesfay's allegation that she has lost her status as a lawful permanent resident creates a factual issue as to whether her claim is valid. (Mot. at 5.) She denies, however, that his claim that she earned more than $15,950 in 2020 creates a similar issue. (Reply at 1 (arguing that Mr. Tesfay's denial goes only to the amount of damages).) But if Ms. Fkadu did not earn less than the statutory threshold, than Mr. Tesfay does not owe her a duty and cannot have breached said duty, thus obviating her contract claim. (*See* Mot. at 13 (laying out elements of Ms. Fkadu's claim, including breach of duty by not providing support after

income fell below $15,950).)[4] Accordingly, the court concludes that Mr. Tesfay's denial of Ms. Fkadu's status as a lawful permanent resident and denial of her 2020 income are sufficient to deny Ms. Fkadu's motion for judgment on the pleadings.[5]

## IV. CONCLUSION

For the foregoing reasons, Ms. Fkadu's motion for judgment on the pleadings (Dkt. # 11) is DENIED.

Dated this 29th day of June, 2021.

JAMES L. ROBART
United States District Judge

---

[4] Although Ms. Fkadu submitted her Social Security Administration earnings record with her complaint (Compl. Ex. 2), Mr. Tesfay disputes the accuracy of this document as a measure of Ms. Fkadu's income (Ans. at 2, 4). At this early stage in the proceedings, viewing the facts in the light most favorable to Mr. Tesfay and recognizing that the parties have not conducted meaningful discovery, the court does not view Ms. Fkadu's submission as dispositive of her income for 2020.

[5] Ms. Fkadu also focuses on Mr. Tesfay's allegations that she entered into their marriage as a ruse and engaged in other fraudulent activity related to her immigration to the United States, arguing that even these allegations are true they would not defeat her claim. (Mot. at 6-12, Reply at 2-3.) Because the court finds that Ms. Fkadu's motion for judgment on the pleadings fails on other grounds, it does not address this argument at this time.