UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FORTUNA GEBRU FKADU,<br><br>      Plaintiff,<br>  v.<br><br>KIDANE TESFAY,<br><br>      Defendant. | CASE NO. 2:21-cv-00318-LK<br><br>ORDER DENYING MOTION TO REASSIGN CASE |

  This matter comes before the Court on the motion of Defendant Kidane Tesfay to "keep the original assigned judge," Dkt. No. 34, which the Court construes as a motion for recusal. *See, e.g.*, *Caldarone v. Abercrombie*, No. 14-00523 LEK-BMK, 2015 WL 627972, at *1 (D. Haw. Feb. 11, 2015) (construing a motion to reassign a case to another judge as a motion for recusal). After reviewing Mr. Tesfay's motion, Ms. Fkadu's response, Mr. Tesfay's reply, and the relevant record, the undersigned judge declines to recuse herself.

  Because Rule 3(f) of the Local Civil Rules of practice for civil proceedings before the United States District Court for the Western District of Washington requires a judge who denies a

ORDER DENYING MOTION TO REASSIGN CASE - 1

motion to recuse to refer the motion to the chief judge, the undersigned judge directs the clerk to refer Mr. Tesfay's motion to Chief Judge Ricardo Martinez.

## I. LEGAL STANDARD

A judge is required to recuse herself "in any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see also id.* § 144. A judge's impartiality can reasonably be questioned where, for example, she has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* § 455(b)(1).

Under the Local Civil Rules of this Court,[1] whenever a motion to recuse is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "the challenged judge will review the motion papers and decide whether to recuse voluntarily." Local Civil Rule 3(f). If the challenged judge decides not to recuse, "he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee." *Id.*

## II. DISCUSSION

Mr. Tesfay asks to "keep the original assigned judge in the case" for various reasons. First, he suggests that "[t]he plaintiff's attorney could have used his connections to move the case to another judge because he could not get what he wants from the original judge." Dkt. No. 34 at 5. Second, he claims that "[t]here is a high probability that [the] plaintiff['s] attorney [has] some sort of relationship with the new judge's office." *Id.* Third, he states that reassigning the case "will clear any uncertainty and justice can be served equally," *id.* at 5, noting that "the original assigned Judge knows the case already," *id.* at 2. Fourth, Tesfay says that he has "a hard time to believe that

---

[1] The Local Civil Rules can be found at this link: https://www.wawd.uscourts.gov/sites/wawd/files/WAWD%20All%20Local%20Civil%20Rules%20Clean%202022.pdf.

ORDER DENYING MOTION TO REASSIGN CASE - 2

this case was reassigned to another new judge in a regular court procedure" because of "the documented history of fraud and misrepresentation of the plaintiff and a powerful and well connected attorney[.]" *Id.* at 2.

Ms. Fkadu responds that "no provision of the Canon of Judicial Conduct requires or militates in favor of disqualification," and "takes no position on Mr. Tesfay's motion," instead "defer[ring] to this Court as to how it wishes to manage judicial assignments for this case[.]" Dkt. No. 37 at 2.

Mr. Tesfay replies that "it is not IMPOSSIBLE for [Ms. Fkadu's attorney] to use his connections and take this as an opportunity to move this case out of the original assigned judge to the new judge's office with whom he might have some sort of relationship." Dkt. No. 38 at 2. Therefore, "for the sake of judicial integrity," he asks that the Court "keep the original assigned judge." *Id.*

Case reassignment can be confusing for the parties in the reassigned case. This Court therefore provides some context for the reassignment that occurred in this case. When this case was initially assigned to Judge Robart in March 2021, this Court was facing a judicial emergency caused by the fact that, out of a total of seven active judge positions on the Court, five judge positions were vacant. *See* United States Courts, *Judicial Emergencies for March 2021*, https://www.uscourts.gov/judges-judgeships/judicial-vacancies/archive-judicial-vacancies/2021/03/emergencies. Later in 2021, three of those vacant positions were filled by new judges. *See* U.S. District Court for the Western District of Washington, *Updated – Judicial Nominations for the Western District of Washington*, Dec. 16, 2021, https://www.wawd.uscourts.gov/news/updated-judicial-nominations-western-district-washington. All three new judges, including the undersigned judge, had commenced work by December 15, 2021. *Id.* As another federal district court has explained, "when a new judge joins

the bench, cases must be reassigned to the new judge," and "[f]urthermore, as part of the Court's general administrative functions, cases are reassigned to different judges to equalize the caseload in the Court." United States District Court for the Southern District of New York, *Why has my case been reassigned to another judge?*, June 28, 2018, https://nysd.uscourts.gov/node/894. Accordingly, this case was reassigned to the undersigned judge on December 20, 2021.

This Court takes the Code of Conduct for United States Judges and related statutes regarding judicial ethics very seriously.[2] Having reviewed the parties' submissions and the record in this case, the undersigned judge finds that there is no reasonable basis to question her impartiality. Although both the undersigned judge and counsel for Ms. Fkadu had "been practi[c]ing law in [the] Seattle area" prior to the time the undersigned became a judge, that does not mean there is a "high probability" that counsel for Ms. Fkadu has "some sort of relationship with the new judge's office," or that he "could have used his connections" to have the case reassigned. Dkt. No. 34 at 3, 5. The fact that a judge practiced in the same metropolitan area as an attorney in the case before her does not establish a reasonable basis for questioning her impartiality. As explained above, this case was reassigned to the undersigned judge as part of the Court's ordinary procedures upon appointment of a new judge. Moreover, the undersigned does not have—and did not previously have—any relationship with Ms. Fkadu's counsel. For these reasons, reassignment is not required.

### III. CONCLUSION

Because there is no basis to find that the undersigned judge's impartiality "might reasonably be questioned" or to find that there is an appearance of bias in this case, and because

---

[2] The Court notes that on December 30, 2021, it issued an Order requiring the parties to notify the Court if any attorney at the undersigned judge's prior firms handled this case or any materially related matter while the undersigned judge was working there. Dkt. No. 33. Both parties submitted responses affirming that none of those firms have been involved in this case. *See, e.g.*, Dkt. No. 36.

none of the other conditions for recusal laid out in 28 U.S.C. § 455 are met, the undersigned judge declines to recuse herself from this case. The undersigned judge DIRECTS the Clerk to refer the Motion to Chief Judge Martinez in accordance with Local Civil Rule 3(f).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 14th day of March, 2022.

*Lauren King*

Lauren King
United States District Judge